UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RESOURCES GROUP, LLC, AS TRUSTEE OF THE THOMPSON DRIVE TRUST, | Case No. 2:22-CV-272 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING, | |
| Defendant(s). | |

Presently before the court is Resources Group, LLC, as Trustee of the Thompson Drive Trust ("Resources Group") motions for a temporary restraining order (ECF No. 5) and injunctive relief (ECF No. 7). NewRez LLC, d/b/a/ Shellpoint Mortgage Servicing ("Shellpoint") filed responses (ECF Nos. 14, 15), to which Resources Group replied (ECF No. 17).

**I.   Background**

This matter arises from an impending foreclosure sale of real property located at 235 Thompson Ave., Mesquite, Nevada, 89027 (the "property"), set for March 2, 2022. (ECF No. 5 at 1). In October of 2013, Resources Group purchased the property at a foreclosure sale for $5,070.00. (ECF No. 5-1). In 2019, on another matter concerning the property, this court held that Resources Group purchased the property subject to the underlying deed of trust. *Ditech Financial LLC v. Resources Group, LLC, et al.*, Case No. 2:16-cv-02287-APG-NJK, ECF No. 80 (D. Nev. June 11, 2019). Shortly thereafter, Shellpoint obtained the deed of trust through an assignment. (ECF No. 5-3).

**James C. Mahan**
**U.S. District Judge**

On October 21, 2021, Shellpoint recorded a notice of default and election to cause sale of the property under the deed of trust because no payments had been made on the deed of trust since 2011. (*See* ECF No. 5-4). Then, on January 25, 2022, Shellpoint recorded a notice of trustee's sale on the property. (ECF No. 5-5).

On February 8, 2022, Resources Group brought this suit in Nevada state court asserting claims against Shellpoint for 1) quiet title/declaratory relief, 2) slander of title, 3) fraud/misrepresentation, 4) equitable relief - recission, and 5) unjust enrichment. (ECF No. 1-1). Shellpoint then removed this matter to this court. (ECF No. 1).

Resources Group now seeks a temporary restraining order and preliminary injunction enjoining any foreclosure on the property during the pendency of this case. (ECF Nos. 5, 7).

## II.     Legal Standard

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order ("TRO") when the movant alleges "specific facts in an affidavit" that immediate and irreparable harm will occur before the adverse party can be heard in opposition. FED. R. CIV. P. 65(b)(1)(A). TROs and preliminary injunctions are extraordinary remedies meant to "preserve the status quo" and "prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). The standard for granting a TRO is "substantially identical" to the standard for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The court considers the following elements in determining whether to grant preliminary injunctive relief: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994).

The movant must satisfy all four elements; however, "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). This "sliding scale" approach dictates that when the balance of hardships

**James C. Mahan**
**U.S. District Judge**

- 2 -

weighs heavily in the movant's favor, he only needs to demonstrate "serious questions going to the merits." *Id.* at 1135.

### III. Discussion

Having considered the *Winter* factors, the court DENIES Resources Group's motions for a temporary restraining order (ECF No. 5) and preliminary injunction (ECF No. 7); primarily because the balance of hardships is not clearly in Resources Group's favor.

Resources Group argues that the balance of hardships is in its favor because it may suffer irreparable harm if the sale occurs and "[n]o factor which Shellpoint may present for holding the sale immediately, as opposed to when this litigation is concluded, does not equally fall upon [Resources Group]." (ECF No. 5 at 9). This argument is unavailing.

As Resources Group is aware, this court—later affirmed by the Ninth Circuit—held that Resources Group purchased the property subject to the deed of trust. *See Ditech Financial LLC v. Resources Group, LLC, et al.*, Case No. 2:16-cv-02287-APG-NJK, ECF No. 80 (D. Nev. June 11, 2019), *aff'd Ditech Financial, LLC v. Resources Group, LLC, et al.*, 825 F. App'x 414 (9th Cir. 2020). Yet, despite this court's holding over two years ago that the deed of trust is valid, Resources Group has yet to make a payment pursuant to the deed of trust.

Though Resources Group now claims that "Shellpoint created the issue which the parties now ask this [c]ourt to address," it is Resources Group that purchased the property subject to the deed of trust and failed to even attempt to make payments until now, the time that it could ostensibly assert an argument that the deed was extinguished in 2021 because more than ten years had passed since the underlying loan was allegedly accelerated. (*See* ECF No. 5 at 8–9). Resources Group's argument borders on a bad faith attempt to goad the court into imposing the extraordinary remedy of injunctive relief on an extreme timeline because Resources Group stalled on satisfying its obligations until the risk of its default—foreclosure—was eminently upon it.

At bottom, Resources Group stands to lose revenue from an investment that it has refused to pay for despite this court's judgment. Meanwhile, if the court grants injunctive relief, Shellpoint risks suffering further losses on the debt obligation that it is owed under the deed of trust. These

**James C. Mahan**
**U.S. District Judge**

hardships are very similar; thus, the balance of hardships does not tip sharply in favor of Resources Group.

Therefore, even assuming that Resources Group demonstrates "serious questions going to the merits,"[1] and irreparable harm,[2] it is not entitled to injunctive relief under the traditional or sliding scale approach.[3] *See Cottrell*, 632 F.3d at 1131. Accordingly, Resources Group's motions are denied.

This matter is the latest of several before the court and this judge filed by plaintiff's counsel. Each of counsel's motions recites the same or substantially similar arguments that have now been consistently rejected. Counsel's continued use of rejected boilerplate arguments is apparent and disfavored. (*See* ECF No. 5 at 9 (arguing that "[t]he Equities favor Saticoy in light of the record" when Saticoy is not a party to this matter)); *see also 5445 Indian Cedar Dr. Trust v. NewRez LLC*, Case No. 2:22-cv-00208-JCM-DJA, ECF No. 7 (D. Nev. Feb. 7, 2022) (arguing that the equities favor Saticoy when Saticoy is not a party to that matter either).

While the court does not officially admonish counsel at this time, counsel is warned that continued pursuit of relief which has no basis in law or fact may result in admonishment and sanctions.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Resources Group's motions for a temporary restraining order (ECF No. 5) and injunctive relief (ECF No. 7) be, and the same hereby are, DENIED.

DATED March 1, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Considering the merits of its claims, Resources Group does not demonstrate serious questions going to the merits.

[2] Real property generally does constitute irreparable harm.

[3] Even assuming it satisfied the other factors, Resources Group's public policy argument is also unavailing.